## ROACH, ADM'R, *vs.* GUNTER ET AL.

[ACTION ON PROMISSORY NOTES BY PAYEE AGAINST MAKERS.]

1. *Ordinance No.* 38 *of convention of* 1867, *section one of ; unconstitutionality of.*—Section one, of ordinance 38, adopted by the State convention of 1867, which ordains that "all contracts for the sale of lands which are incomplete by reason of the purchase-money being unpaid, or the title deeds and conveyances being unexecuted, and which sale took place between the 11th day of January, 1861, and the 9th day of May,

1865, unless paid for, or contracted to be paid for, in the legal currency of the United States or property other than slaves, are hereby declared null and void at the option of the parties, or either of them," is unconstitutional, because it impairs the obligation of contracts.

APPEAL from the Circuit Court of Henry.
Tried before Hon. J. McCALEB WILEY.

This was an action by the appellant, as administrator, &c., against the appellees, founded on fifteen separate promissory notes made by them on the 12th day of December, 1864, due twelve months after date, and "payable in the common currency of the country," at maturity, for the purchase of lands sold them in 1864 by the plaintiff, as administrator of William Roach, deceased.

On the trial of the cause, the defendants pleaded in short by consent, seven pleas, only the 6th and 7th of which need be here noticed. These pleas are as follows :

"6. That the contract for the sale of the land for which the notes were given, was made between the 11th day of January, 1861, and the 9th of May, 1865, and the purchase-money has never been paid nor the deeds or conveyances executed, and the contract is void under the first section of the ordinance of the convention of 1867, adopted December 6th, 1867, No. 38, and defendants have signified and still signify their option to hold said contract void.

"7. The notes were given for land purchased between the 11th of January, 1861, and the 9th of May, 1865, no conveyance to which has been made, and the notes are void."

The plaintiff demurred to these pleas, and, among other reasons, assigned—1st, "that said section one of ordinance No. 38 is unconstitutional and void, because it impairs the obligation of contracts ; 2d, that section one of ordinance No. 38 does not apply to sales made by an administrator under an order of the probate court, &c.; 3d, that said 6th and 7th pleas fail to state that the land sold, &c., was not paid for, or contracted to be paid for, in legal currency of the United States, or property other than slaves."

The court overruled the demurrer, and the plaintiff was

Roach, Adm'r, v. Gunter et al.

forced thereby to take a non-suit. Overruling the demurrer is now assigned as error.

JAMES L. PUGH, and W. C. OATES, for appellant.
F. M. WOOD, for appellee.

NOTE BY REPORTER.—This decision was rendered at the June term, 1869, and should have appeared in 43d Alabama Reports.

B. F. SAFFOLD, J.—The section of the ordinance referred to, declares that " all contracts for the sale of land which are incomplete by reason of the purchase-money being unpaid, or the title deeds and conveyances being unexecuted, and which sale took place between the 11th day of January, 1861, and the 9th day of May, 1865, unless paid for, or contracted to be paid for, in the legal currency of the United States or property other than slaves, are hereby declared null and void at the option of the parties, or either of them ; *provided*, that subsequent purchasers shall not be affected by the provisions of this section."

The notes were all made on the 12th of December, 1864, and were payable twelve months after date, in the common currency of the country at the time of their maturity. The pleas demurred to are bad, because they do not aver that payment was not to be made in the legal currency of the United States, nor in property other than slaves. If they had contained the proper averment, as the common currency of the country at the time of the maturity of the notes was the legal currency of the United States, there may be merit in the argument that the contract is not one to which the ordinance is applicable. It is not necessary to determine this. The judgment must be reversed for the defect of the pleas. As on another trial the constitutionality of the section of the ordinance relied on for the defense will be put in issue, the interests of the parties, and of the people generally, require an adjudication of that question.

The prohibition to a State to pass any law impairing the obligation of contracts, applies to both those which are

executory and those which are executed. A law annulling conveyances between individuals, and declaring that the grantors should stand seised of their former estates, notwithstanding those grants, and a law discharging the vendors of property from the obligation of executing their contracts by conveyances, are alike repugnant to the constitution.—*Fletcher v. Peck*, 2 Peters' Cond. Rep. 321, 322. The same may be said of a law which allowed the vendee of property, or the grantee of a conveyance, after having received the consideration of his promise to pay, to repudiate his obligation, and to rescind the contract without the excuse of fraud, default, or mistake.

This ordinance absolves a vendor of land from the performance of his undertaking; and allows him to stand seised of his estate, if he has not made a conveyance, though he may have been fully paid for it according to the agreement. It grants to him the same privilege and exemption if he has executed the conveyance, and has received nine-tenths of the consideration agreed on at the date of the contract. It relieves a vendee who has enjoyed the benefit of his purchase for several years from his obligation to pay for it, and permits him to return it to the former owner, no matter how much injured or depreciated in value it may have become in his hands.

The right of the citizens of Alabama to contract with each other, was as complete during the war as it was before, or is now. They were, at that time, constrained, from necessity, to use the Confederate currency as a medium of exchange. Where parties acting for themselves and under no legal disability, voluntarily made contracts which were to be satisfied on one side in that currency, and which were so satisfied, equity and law both unite in the conclusion that there can be no hardship or impropriety in the execution of their expressed will.

Property in slaves is not now recognized. It is unnecessary to determine the precise time when it ceased. It is sufficient to say, that the period embraced by this ordinance includes a time when such property was recognized, and regarded both by the laws of the State and of the Union, as the valid consideration of a contract.

We decide that section 1 of ordinance No. 38, concerning the value of contracts, where the consideration was Confederate bonds or currency, and for the purchase of slaves, adopted by the State convention of 1867, impairs the obligation of contracts, and is in violation of the constitution of the United States, and therefore null and void. The judgment is reversed, and the cause remanded.